WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Community Dental Services of Arizona, LLC<br><br>Plaintiff,<br><br>v.<br><br>American Dental Industries, Inc., an Oregon corporation; and Advanced Dynamo Industries, an Oregon corporation<br><br>Defendants. | No. CV 12-01039-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 7). The Court now rules on the Motion.

### I.   BACKGROUND

#### A.   The Complaint

On December 30, 2011, Plaintiff filed a Complaint in Maricopa County Superior Court against Defendants. Thereafter, Defendants removed the action to this Court. In its Complaint, Plaintiff alleges that it is an Arizona corporation,[1] which operates mobile dental clinics. (Doc. 1-1 at ¶ 1). Plaintiff further alleges that Defendants American Dental Industries, Inc. ("ADI"), an Oregon corporation and Advanced Dynamo Industries, Inc., an Oregon corporation (collectively, the "ADI Defendants") are engaged

---

[1] The Court notes that Plaintiff alleged in its Complaint that it is an Arizona corporation. However, Mr. Carsten Loelke, Plaintiff's chief executive officer, avers in his declaration that Plaintiff is a limited liability company. (*See* Doc. 8-1).

in the business of designing and manufacturing specialty mobile health and dental clinics on motorcoach chassis. (*Id.* at ¶ 2).

Plaintiff alleges that, on or about August 30, 2012, Plaintiff entered into a contract with Defendants for the purchase of a mobile dental clinic ("mobile clinic 1"), based upon a Winnebago commercial chassis and designed in accordance with certain specifications, for the purchase price of $327,947. (*Id.* at ¶ 4). Plaintiff alleges that the Parties agreed that the work would be completed by December 31, 2010. (*Id.* at ¶ 5). Plaintiff alleges that, on August 31, 2010, it made a payment to Defendants in the amount of $125,359. (*Id.* at ¶ 6). Plaintiff alleges that, on November 8, 2010, it made a second payment in the amount of $101,889.50 to Defendants. (*Id.*). Plaintiff alleges that, at the end of December 2010, it made a third payment of $68,363.50 to Defendants. (*Id.* at ¶ 8).

Plaintiff alleges that, notwithstanding its repeated inquiries to Defendants, the work was not completed until July 15, 2011. (*Id.* at 9). Plaintiff alleges that, due to this six month delay in the promised completion of the chassis, Plaintiff sustained substantial losses. (*Id.*). Plaintiff alleges that, when it was informed the work on the mobile dental clinic was completed in July 2011, it sent representatives to pick up the mobile dental clinic and drive it back to Arizona. (*Id.* at ¶ 10). Plaintiff alleges that, within a week of its arrival in Arizona, it became apparent that the mobile dental clinic was defective. (*Id.* at ¶ 11).

Plaintiff alleges that it informed Defendants of the problem and they arranged for repairs to be made by Arizona companies with experience with such malfunctions using parts shipped by Defendants and instructions provided by Defendants' engineers. (*Id.* at ¶13). Plaintiff alleges that, after some work was completed, it was determined that the unit would need to be repaired at Defendants' facilities in Oregon. (*Id.* at ¶ 14). Plaintiff alleges that Defendants' agent flew to Arizona to pick up the mobile clinic and drove it back to Oregon. (*Id.* at ¶ 15).

Plaintiff alleges that, thereafter, another of Plaintiff's mobile dental clinics ("mobile clinic 2") became inoperative due to a defective generator supplied by

Defendants. (*Id.* at ¶ 16). Plaintiff alleges that Defendants shipped a loan generator to Phoenix, while the allegedly defective generator was shipped to Defendants in Oregon for repairs. (*Id.*). Plaintiff alleges that it lost revenue due to this allegedly defective generator. (*Id.* at ¶ 18).

Plaintiff alleges that, in mid-November 2011, it was informed that mobile clinic 1 was repaired and available to be returned to Arizona. (*Id.* at ¶ 19). Plaintiff alleges that Defendants told Plaintiff that it would need to pay for the labor and materials expended on repairing mobile clinics 1 and 2 before mobile clinic 1 would be returned to Plaintiff. (*Id.* at ¶ 20). Plaintiff alleges that these charges were unjustified because all repairs should have been covered by the warranty on mobile clinic 1. (*Id.* at ¶ 21). Plaintiff alleges that, when Defendants refused to return mobile clinic 1 without receiving payment, Plaintiff sent representatives to Oregon with "over $60,000 in cash." (*Id.* at ¶ 22). Plaintiff alleges that Defendants refused to accept the proffered cash and refused to relinquish possession of mobile clinic 1 until they were paid in full for all amounts they claimed they were owed. (*Id.* at ¶ 24). Plaintiff alleges that it then paid $60,129.90 in cash and received possession of mobile clinic 1 (*Id.* at ¶ 25).

Plaintiff alleges that it "filed this suit to obtain an accounting to determine the true amount owed . . . by plaintiff to defendants with respect to all accounts between the parties." (*Id.* at ¶ 26).

### B. The Proper Plaintiff

There is substantial dispute between the Parties as to who is the proper Plaintiff in this action. This confusion appears to arise from the fact that Carsten Loelke acts as an agent for both (1) Plaintiff Community Dental Services of Arizona, LLC and (2) Community Dental Foundation, Inc., an Arizona non-profit corporation, which is not currently a party to this lawsuit. Defendants argue that Community Dental Services of Arizona, LLC does not have standing to bring this lawsuit because, at all times, it believed that Mr. Loelke represented Community Dental Foundation, Inc. regarding the transactions relating to the mobile dental clinics.

In response, Plaintiff argues that Mr. Loelke was always acting on behalf of Plaintiff Community Dental Services of Arizona, LLC, and, even if the Court finds that he was acting on behalf of Community Dental Foundation, Community Dental Services of Arizona, LLC was an intended third-party beneficiary of Plaintiff's dealings with Defendants.[2]

### C. The Related Litigation

On December 2, 2011, Defendant ADI filed a Complaint in Oregon state court against Community Dental Foundation, alleging that Community Dental Foundation breached its contract with ADI and still owed ADI approximately $60,000 for modification and repairs made to mobile clinic 1. Shortly after ADI filed the lawsuit and, before the Complaint was served on Community Dental Foundation, Mr. Loelke paid ADI the amount still owed on mobile unit 1. Thereafter, Plaintiff filed the instant lawsuit in Maricopa County Superior Court, but did not immediately serve it on Defendants. On or about January 19, 2011, Mr. Loelke's Oregon counsel contacted ADI's Oregon counsel and requested that ADI voluntarily dismiss the Oregon lawsuit. Believing that the dispute between the Parties had been resolved, ADI never served the complaint in that suit and that suit was dismissed for lack of prosecution. Defendant ADI was then served in this case. Defendant ADI then sought to reinstate the Oregon lawsuit and amended its Complaint to assert claims against Community Dental Foundation and Plaintiff.

---

[2] Plaintiff takes contradicting positions as to whether it entered into a contract with Defendants. In his Complaint, Plaintiff asserts a breach of contract claim against Defendants. However, in his Response to Defendants' Motion to Dismiss, Plaintiff asserts that "[c]learly, there was no comprehensive signed contract between the parties." (Doc. 8 at 10). Plaintiff then goes on to state that "It is possible the court will conclude that there was some kind of comprehensive contract between the parties and makes its determination based upon the postulated contract. It seems more likely that the determination must be based upon the relative equities of the parties . . . ." (Doc. 8 at 11). The lack of clarity as to Plaintiff's claims regarding a "contract" between the Parties will be discussed more fully below.

Defendant ADI claims that the Oregon lawsuit is ongoing.[3]

### D. The Motion to Dismiss

Defendants now seek to dismiss Plaintiff's Complaint in this case pursuant to Federal Rules of Civil Procedure 12(b)(2),(3) and (6). (Doc. 7). Defendants argue that this case should be dismissed because (1) Plaintiff lacks standing to sue under the Contract, (2) venue is not proper, (3), the Court lacks personal jurisdiction over Defendants, and (4) the Complaint fails to state a claim upon which relief can be granted.

The Court will first address whether it can exercise personal jurisdiction over Defendants.[4]

## II. LEGAL STANDARD & ANALYSIS

Plaintiff bears the burden of establishing personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Cummings v. W. Trial Lawyers Assoc.,* 133 F.Supp.2d 1144, 1151 (D. Ariz. 2001) (internal quotations and citations omitted). Conflicts over statements contained in Plaintiff's and Defendant's affidavits "must be resolved in the plaintiff's favor." *Schwarzenegger,* 374 F.3d at 800 (internal citations omitted). In the absence of an evidentiary hearing on the issue of personal jurisdiction, Plaintiff must make "a prima facie showing of jurisdictional facts through the submitted materials" in order to avoid dismissal for lack of personal

---

[3] During oral argument, the Parties represented that the Oregon state court has set a trial date in that action and that there is currently a Motion to Dismiss pending in that case.

[4] "As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint." 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1351 (3d ed. 2004) (internal citation omitted).

jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977).

Further, because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies to this case. *See Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 559 (9th Cir. 1995) (internal citations omitted). Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a);[5] *see also A. Uberti and C. v. Leonardo,* 892 P.2d 1354, 1358 (Ariz. 1995), *cert. denied*, 516 U.S. 906 (1995) (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution") (internal citations omitted).

The Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the "exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1050 (9th Cir. 1997) (internal citation omitted). "The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 269–70 (9th Cir. 1995) (internal quotations and citations omitted).

If a court determines that a defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either "general" or "specific" jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–15 nn. 8–9 (1984) (internal citations omitted). The nature of the defendant's contacts with the forum state will determine whether the court exercises

---

[5] Arizona Rule of Civil Procedure. 4.2(a) provides, in pertinent part, "A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a).

general or specific jurisdiction over the defendant. *Helicopteros,* 466 U.S. at 415–16.

In this case, Plaintiff makes no argument that the Court can exercise general personal jurisdiction over Defendants. Accordingly, the Court will solely analyze whether Plaintiff has made a prima facie showing that the Court has specific personal jurisdiction over Defendants.

### A. Specific Jurisdiction

If a defendant does not have substantial or continuous and systematic contacts with the forum state, then the court must determine whether the defendant has had sufficient contacts with the forum state such that the exercise of specific jurisdiction over the defendant would not offend the Due Process Clause. *See Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). The Ninth Circuit applies a three-prong test to determine whether the defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction. *Id.* Under this three-prong test, specific jurisdiction exists only if: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum of the plaintiff, or performs some act by which he personally avails himself of the privilege of conducting activities in that forum; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Id.*

In this case, Plaintiff has presented some evidence that Defendant American Dental Industries, Inc. conducted forum-related activities. However, Plaintiff has not carried its burden of demonstrating that Plaintiff's claims against Defendants arise out of or relate to Defendants' forum-related activities. Plaintiff cannot satisfy this burden because Plaintiff has failed to state a claim upon which relief can be granted in its Complaint. In its Complaint, Plaintiff alleges that it entered into a contract with Defendants and that Defendants breached that contract. Plaintiff does not identify the contract or any specific provisions of the contract that were breached by Defendants.

In his Response to Defendants' Motion to Dismiss, Plaintiff claims that "there was

no comprehensive signed contract between the parties." (Doc. 8 at 10). Plaintiff then states that "[o]ne document was signed, but it was clear on its face that some matter remained to be decided . . . . The rest is a mass of detail which must be straightened out." (Doc. 8 at 10). Plaintiff then appears to assert that it is solely asserting an "equitable claim" for an accounting.[6] Plaintiff then states that "[t]he court may find that there are other matters where a contract theory can be applied." (Doc. 8 at 10). Plaintiff then appears to argue that there may have been an oral contract between the Parties. (*Id.*). Thereafter, Plaintiff appears to assert that a document entitled "Quotation Summary" constituted a contract between the Parties. (Doc. 8 at 11). Apparently, Plaintiff believes that, at this stage of the proceedings, it need only assert various facts and leave it to the Court to decide Plaintiff's legal theories. This type of pleading does not meet Rule 8's pleading standard.

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)). In this case, Plaintiff has failed to articulate any legal theory. In this situation, it is impossible for the Court to determine whether Plaintiff's claims arise out of or relate to Defendants' forum-related activities. Accordingly, Plaintiff has failed to meet its burden in establishing that this Court has

---

[6] It is not clear what Plaintiff's theory is as to why it is entitled to assert an "equitable claim for accounting." Rather, in this case, it appears that Plaintiff seeks accounting as a remedy for some wrong performed by Defendants, but has failed to state a legal theory under which it is entitled to such a remedy. Even if Plaintiff could state a claim for an accounting as a separate cause of action, rather than a remedy, Plaintiff's theory as to its right to an accounting is not clear from the allegations in the Complaint. As such, Plaintiff has not successfully asserted a separate claim for "an accounting" upon which relief can be granted. *See Mezey v. Fioramonti*, 65 P.3d 980, 984 (Ariz. Ct. App. 2003 ("an accounting is ordinarily performed in two stages: in the first, the court determines liability (the right to the accounting); in the second, the actual accounting is conducted.") (citing 1 Am.Jur.2d *Accounts and Accounting* § 66, at 624), *overruled on other grounds by Bilke v. State*, 80 P.3d 269 (Ariz. 2003).

personal jurisdiction over Defendants.

This Court would normally allow Plaintiff leave to amend because it appears that it may be able to state a claim upon which relief can be granted in an amended complaint. However, in conducting the personal jurisdiction analysis, the Court finds that, even if Defendants had purposefully availed themselves of the Arizona forum, the fairness of the personal jurisdiction analysis weighs in favor of requiring Plaintiff to litigate claims related to the Oregon state court action in that court. This is because pending litigation in another forum weighs against the reasonableness of the Court's exercise of personal jurisdiction over a Defendant. *See Ziegler v. Indian River County,* 64 F.3d 470, 474-75 (9th Cir. 1995) (explaining that, in deciding whether the exercise of specific jurisdiction over a defendant is reasonable, the Court must consider certain factors, including the most efficient judicial resolution of the dispute and the existence of an alternative forum.) (internal citation omitted). During oral argument, Plaintiff represented that its claims could be asserted as counterclaims in the pending action in Oregon state court. Accordingly, if Plaintiff can state a claim upon which relief can be granted, it would serve purposes of judicial efficiency and fairness for Plaintiff to file its claims as counterclaims in the Oregon state court action and Plaintiff should file any such claims in that pending action.

The Court notes that Defendants also moved to dismiss Plaintiff's Complaint for lack of standing. However, because the Court has found that Plaintiff has failed to state a claim upon which relief can be granted, the Court cannot conduct any meaningful analysis of Plaintiff's standing.

**III.   CONCLUSION**

Based on the foregoing,

///

//

/

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is granted in part and denied in part as set forth herein. Plaintiff's complaint is dismissed without prejudice. The Clerk of the Court shall close this case and enter judgment accordingly.

Dated this 12th day of October, 2012.

James A. Teilborg
United States District Judge